WILLIAM DE KOSLOWSKI, APPELLEE,

*v.*

HENRY L. YESLER AND THE SEATTLE GAS LIGHT COMPANY, APPELLANTS.

A payment and acceptance of interest on a promissory note relieves the note from the Statute of Limitations.

ERROR, to the Third Judicial District, holding terms at Seattle.

This action was brought against the appellant and the Seattle Gas Light Company, upon a promissory note given by appellant for the sum of $300, on the 21st day of March, 1874, to John Leary, due on or before September 1, 1874, with interest at the rate of two per cent. per month, payable monthly in advance. This note, it is alleged, was secured by ten shares of the capital stock of the Seattle Gas Light Company. This note was assigned after maturity to one Coleman, and by Coleman to the plaintiff.

The appellee alleges that on the 21st day of September, 1875, the appellant paid all the interest then due on the note.

The prayer, as against the appellant, is for judgment on the note, for the principal and interest then alleged to be unpaid ; for the sale of stock, and the application of the proceeds towards the payment of the judgment; and for execution for the balance remaining unpaid.

The appellant, in his answer, denies the payment of any interest upon the note, and denies any liability thereon ; and pleads by way of affirmative defense :

1st.    That Coleman, while the holder and owner of the note, and after its maturity, became indebted to the appellant in the sum of $8,021.12, no part of which has ever been paid.

2d.    The Statute of Limitations of this Territory.

The appellee, by way of reply, denies each and every allegation contained in the affirmative defense, and by way of affirmative reply alleges : That in an action in the District Court brought by the appellant against Coleman, a judgment was recovered by the appellant against Coleman, which included the items of the account pleaded in this first affirmative defense by the appellant, and which judgment was paid and fully satisfied by Coleman prior to the commencement of this action.

A trial was had before the Court, which found in favor of the appellee upon all of the issues presented, and entered a decree against the appellant for the sum of $986, and interest at the rate of two per cent. per month until paid ; and ordered the stock to be sold and the proceeds applied in payment of the amount found due the appellee from the appellant ; and also that execution be issued against the appellant for the balance remaining unpaid.

Such of the findings of fact as are pertinent will be found in the opinion.

*Struve, Haines & McMicken,* for Appellants.

Plaintiff seeks to avoid bar of Statute of Limitations by pleading payment of interest.

His proof shows simply a presentation of accounts, having the items of interest on the note sued on charged therein.

This is not a payment. (*Anderson* v. *Baxter,* 4 Oregon, 105;

Angell on Limitations, 6th edition, Sec. 274 ; Wood on Limitation of Actions, Secs. 96, and 97, and notes ; Ibid., Secs. 98, 99, 100, 101, 102, 104, 108, 113, and notes.)

At most, it could only be considered an acknowledgment of the existence of the indebtedness.   But this, to be binding, must be in writing.   (Code of Washington, Sec. 44 ; *Pena* v. *Vance*, 21 California, 142 ; *Heinlin* v. *Castro*, 22 California, 100 ; *Chace* v. *Trafford*, 116 Massachusetts, 529 ; Wood on Limitation of Actions, Sec. 116 ; Angell on Limitations, 6th edition, Secs. 274, 282.)

The complaint must show facts taking the demand from operation of statute, where it appears on face thereof that it is barred.   (*Yesler* v. *Oglesbee*, 1 Washington Territory Rep. 604; *Smith* v. *Richmond*, 17 California, 477 ; *Mason* v. *Cronise*, 20 California, 211 : *Meeks* v. *Hahn*, 20 California, 621 ; Angell on Limitations, 6th edition, Sec. 294 ; Story's Equity Pleading, 8th edition, Secs. 484, 503, 751; *Humbert* v. *Trinity Church*, 7 Paige, N. Y. Ch. 195 ; *Van Hook* v. *Whitlock*, 7 Paige, N. Y. Ch. 373 ; *Hudson* v. *Wheeler*, 34 Texas, 356 ; Bliss on Code Pleading, Sec. 205.)

Payment of interest has the same effect as payment of part of the principal. (Angell on Limitations, 6th edition, Sec. 240.)

But from such payment merely a promise to pay the balance cannot be inferred.   (Idem, note 1, p. 237, and cases cited.)

When there are cross demands between parties, which accrued nearly at the same time, both of which would be barred by the statute, and the plaintiff has saved the statute by suing out process, but the defendant has not, the defendant may nevertheless set off his demand.   (Angell on Limitations, 6th ed., Sec. 75, and note 2.; Wood on Limitation of Actions, Secs. 281, 282, 283, and notes ; *Hunt* v. *Spaulding*, 18 Pick. 521; *Caldwell* v. *Powell*, 6 Baxter, Tenn. 82.)

But the note and demands of defendant constitute a mutual, open, and current account, and therefore the defendant's demand is not barred by the statute.   (Code of Washington, Sec. 34; Angell on Limitations, 6th ed., Secs. 147, 151; Wood on Limitations to Actions, Secs. 277, 278; *Green* v. *Disbrow*, 79 N. Y. 1.)

It is not enough that the matters might have been litigated

and decided, but that they actually were. (Freeman on Judgments, 3d ed., Sec. 253; *Cromwell* v. *County of Sacramento,* 94 U. S. 351; *Davis* v. *Brown,* 94 U. S. 425; *Russell* v. *Place,* 94 U. S. 606.)

C. H. Hanford, and McNaught, Ferry, McNaught & Mitchell, for Appellee.

As the parties to the judgment are not all before the Court, this Court has not acquired jurisdiction of the cause, and a motion will be made to dismiss. (See *Owings* v. *Kincannon,* 7 Peters, 399; *Wilson's Heirs* v. *Insurance Co.,* 12 Peters, 140; *Deneale* v. *Archer,* 8 Peters, 526; *Hampton* v. *Rouse,* 13 Wallace, 187; *Masterson* v. *Herndon,* 10 Wallace, 416; *Clifton* v. *Sheldon,* 23 How. 481.)

The effect of payments on a promissory note, of interest or part of the principal, after maturity of the note, is to take the note out of the Statute of Limitations, so that the period of the statute commences to run on the date of the last payment. (Code of Washington Territory, Secs. 44, 45; 3d Parsons on Contracts, 7th ed., 73, 77; Angell on Limitations, 5th ed., 249, Sec. 240; Wood on Limitations, 220, 221, Sec. 96; Ibid, 224, Sec. 97; Ibid, 225, Sec. 98; Ibid, 233, 234, Sec. 105.)

Payment in this manner takes the case out of the statute. (3d Parsons on Contracts, 77, note o; Angell on Limitations, 251, Sec. 240; Wood on Limitations, Secs. 112, 113; 3 Greenleaf on Evidence, 14th ed., Sec. 519; 7 Wait's Actions and Defences, 381; *Anderson* v. *Baxter,* 4 Or. 105.)

Part payment, to avoid the Statute of Limitations, may be proved by parol evidence. 3 Parsons on Contracts, 78; Angell on Limitations, 254, Sec. 244; Wood on Limitations, Sec. 111; *Williams* v. *Gridleg,* 9 Metcalf, 482; *Sibley* v. *Lumbert,* 30 Maine, 253.

The account pleaded by the appellant as a counter claim was barred by the Statute of Limitations long before the suit was commenced, therefore it cannot avail the appellant as a defense. (7 Wait's Actions and Defences, 271, Sec. 23; Ibid, 479, 480, Secs. 5, 6; Wood on Limitations, Secs. 281, 282, 283; Angell on Limitations, Secs. 74, 75.)

The note sued on is not a matter of *account,* but is an original

and separate demand, and there is no mutual, *open* and *current* account between the parties.    (1 Wait's Actions and Defences, 189, Sec. 2 ; Angell on Limitations, Sec. 150 ; Wood on Limitations, Sec. 150 ; Code of Washington Territory, Sec. 34.)

Unless there is manifestly such a preponderance of evidence against the findings as would justify a Court in a case at law in setting aside the verdict of a jury on the ground of insufficient evidence to support it, this Court will not disturb them. (*Phelps* v. *The City of Panama*, 1 Washington Territory, 544; *Tierney* v. *Tierney*, Ibid, 570 ; *Bullene* v. *Garrison*, Ibid, 588; *Duff* v. *Fisher*, 15 Cal. 375; *Allen* v. *Hennon*, 27 Cal. 68; *Ortman* v. *Dixon*, 13 Cal. 34 ; *Lewis* v. *Covilland*, 21 Cal. 178 ; *Woods* v. *Whitney*, 42 Cal. 358 ; *Barrante* v. *Garratt*, 50 Cal. 112 ; *Emeric* v. *Alvarado*, 64 Cal. 568; *Hamilton* v. *Walters*, 3 Iowa, 556.)

The finding of the Court upon the facts shall be deemed a verdict, and may be attacked in the same manner, but not otherwise. (Code of Washington Territory, Secs. 246, 247; *Walnut* v. *Wade*, 13 Otto, 688.

Opinion by WINGARD, Associate Justice.

This was an action brought by the appellee against the appellant, upon a promissory note given by appellant to John Leary, for the sum of $300, dated March 21st, 1874, due on or before Sept. 1st, 1874, with interest, payable monthly in advance, at the rate of two per cent. per month.

This note was assigned after maturity to one Coleman, and by Coleman to Koslowski.

The appellee alleges that Yesler paid the interest on the note, which was then due on September 21st, 1875, which allegation *inter alia* the appellee denied.

Appellant also pleads the Statute of Limitations, which was denied by the reply.

The action was commenced July 5th, 1881.    The cause was tried by the Court, which found all the issues presented in favor of the appellees ; and thereupon a decree was entered in favor of the appellees, from which the appellant takes this appeal.

The 5th finding of the Court below is as follows :    " That on the 20th day of September, 1875, said defendant Henry L. Yes-

ler paid to said James L. Coleman, as interest on said note, the sum of $66 ; and said Coleman upon the same day endorsed said payment on said note."

This finding, which we think is sustained by the evidence, takes the claim of the appellee based upon the note out of the Statute of Limitations. (Code of Wash., Secs. 44, 45 ; 3d Parsons on Contracts, 7th ed. 73, 77.)

The 7th finding, which we also agree is sustained by the evidence, is as follows :   "That no payments have been made upon said note since said 20th day of September, 1875, and the whole of the principal of said note and the interest thereon, since said 20th day of September, 1875, remain unpaid."

The 13th finding of the District Court is as follows:   "That there is no counter claim or set-off against said promissory note." This last finding was doubtless based upon the evidence disclosed by the account itself, pleaded by the appellant as a counter claim, that said account was barred by the Statute of Limitations.

It follows from these findings, supported by the evidence as we deem them to be, that the Court below correctly rendered the decree of which the appellant complains.

The judgment of the District Court is affirmed.

We concur:   JOHN P. HOYT, Associate Justice.
GEORGE TURNER, Associate Justice.